# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TATIANA VLADIMIROVNA
VAVILOVA,

                     **Plaintiff,**

v.                                                **Case No:  6:12-cv-1471-Orl-28GJK**

ZSOLT GABOR RIMOCZI,

                     **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **September 26, 2012** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **Dismissed with Prejudice**.

## I.   BACKGROUND

On September 26, 2012, Plaintiff, Tatiana Vladimirovna Vavilova, filed a Complaint against Defendant, Zsolt Gabor Rimoczi, and moved to proceed in forma pauperis (hereafter "Motion").  Doc. Nos. 1-2.  Plaintiff alleges that she and Defendant are Florida residents.  Doc. No. 1 at 1 ¶¶ 1-2.  Plaintiff alleges that she married Defendant on June 23, 2006, in Titusville, Florida.  Doc. No. 1 at 1 ¶ 5.  Plaintiff alleges that she was a resident and citizen of the Russian Federation when Defendant expressed his desire to marry her and have her live with him in the United States.  Doc. No. 1 at 1-2 ¶¶ 6-7.  Plaintiff alleges that to enter the United States,

"Defendant was required to enter into a contract with the U.S. Department of Justice Immigration and Naturalization Service whereby Defendant would provide support and maintain the sponsored alien at an annual income that is not less than 125 percent of the federal poverty line." Doc. No. 1 at 2 ¶ 8. Plaintiff alleges that Defendant executed an affidavit of support (Form I-134) on October 14, 2006, and the affidavit of support "provided that in the event the Defendant failed to support the Plaintiff, the Plaintiff could sue under the agreement for support." Doc. No. 1 at 2 ¶¶ 9-10.[1]

Plaintiff alleges that the marriage was dissolved by final judgment on August 31, 2011. Doc. No. 1 at 2 ¶ 11. Plaintiff alleges that she has neither been naturalized nor credited or earned 40 qualifying quarters of employment. Doc. No. 1 at 2 ¶ 12. Plaintiff alleges that her income is less than 125 percent of the federal poverty line, she is not dead and has not abandoned lawful permanent resident status by departing the United States. Doc. No. 1 at 2 ¶¶ 13-14. Plaintiff alleges that Defendant did not disavow the affidavit of support prior to Plaintiff being issued an immigrant visa or a decision on Plaintiff's application for adjustment of status. Doc. No. 1 at 3 ¶ 15. Plaintiff alleges that Defendant is obligated to provide, and she is in need of, support under the terms of the affidavit of support. Doc. No. 1 at 3 ¶¶ 16-17. Based on the aforementioned allegations, Plaintiff seeks to enforce the terms of the affidavit of support and seeks "[s]upport at a level of no less than 125% of the federal poverty lines retroactive to a date certain as well as ongoing" and an award of attorney's fees and costs. Doc. No. 1 at 1 ¶ 4; at 3.

## II. LAW

### A. The Statute and Local Rules

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915 directs the district court to review and dismiss a complaint when it determines the action is

---

[1] The affidavit of support is not attached to the Complaint. Doc. No. 1 at 2 ¶ 8.

frivolous, malicious or fails to state a claim upon which relief can be granted.[2]  This statutory language is mandatory and applies to all proceedings *in forma pauperis*.  *See Boyington v. Geo Group, Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).[3]

Local Rule 4.07(a) also governs proceedings *in forma pauperis* and provides that the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions.  Local Rule 6.01(c)(18).  With respect to an involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district court.  *Id.*  The district court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate.  Local Rule 4.07(a).

**B. Discretion Under 28 U.S.C. § 1915**

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is

---

[2]  28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

[3]  Similarly, a party may not take an appeal *in forma pauperis* if the district court certifies, in writing, that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).

frivolous.[4]  *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).  The pauper's affidavit should not be a broad highway into the federal courts.  *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974).  Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit.  *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Frivolous Actions Under 28 U.S.C. § 1915(e)(2)(B)(i)

A lawsuit is frivolous if plaintiff's realistic chances of ultimate success are slight.  *Clark*, 915 F.2d at 639.  The district court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong.  *Id*.  A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Claims may lack an arguable basis in law because of either factual or legal inadequacies.  *Id*.  Legal theories are frivolous when they are "indisputably meritless."  *Neitzke*, 490 U.S. at 329; *Battle*, 898 F.2d at 129.  Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist."  *See Neitzke*, 490 U.S. at 327.

### III. ANALYSIS

In her Complaint, Plaintiff seeks to enforce an affidavit of support (Form I-134) that Defendant signed.  Doc. No. 1.  A Form I-134 affidavit of support "is not a legally enforceable contract against a sponsor by a sponsored immigrant."  *Cheshire v. Cheshire*, No. 3:05-cv-00453-TJC-MCR, 2006 WL 1208010 at *2 (M.D. Fla. May 4, 2006).  This conclusion is shared

---

[4]  At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2).  *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

by district courts throughout the country.  *See Tornheim v. Kohn*, No. 00 CV 5084(SJ), 2002 WL 482534 at *4 (E.D.N.Y. Mar. 26, 2002) (finding that a Form I-134 affidavit of support is not a legally binding contract); *Zirintusa v. Whitaker*, No. 05-1738 (EGS), 2007 WL 30603 at *5 (D.D.C. Jan. 3, 2007) (agreeing that a Form I-134 affidavit of support is not a binding contract); and *Rojas-Martinez v. Acevedo-Rivera*, No. 09-2048 (PG), 2010 WL 2404437 at *2 (D.P.R. June 8, 2010) (citing cases finding that a Form I-134 affidavit is not a legally enforceable contract).

*Cheshire, Tornehim, Zirintusa* and *Rojas-Martinez* unequivocally indicate that Plaintiff cannot prevail on the claim she asserts in her Complaint.  Plaintiff's theory of legal recovery is "indisputably meritless" and Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist."  *See Neitzke*, 490 U.S. at 327, 329.  Accordingly, it is **RECOMMENDED** that the Motion be **DENIED** and Plaintiff's Complaint be **DISMISSED with Prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on October 12, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy