# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TATIANA VLADIMIROVNA
VAVILOVA,

        Plaintiff,

v.                                  Case No:  6:12-cv-1471-Orl-28GJK

ZSOLT GABOR RIMOCZI,

        Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** (Doc. No. 12) |
| **FILED:** | October 30, 2012 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND

On September 26, 2012, Plaintiff, Tatiana Vladimirovna Vavilova, filed a Complaint against Defendant, Zsolt Gabor Rimoczi, seeking to enforce an affidavit of support, embodied in Form I-134.  Doc. No. 1.  Plaintiff also moved to proceed in forma pauperis.  Doc. No. 2.  On October 16, 2012, the undersigned recommended the motion to proceed in forma pauperis be denied and the Complaint be dismissed with prejudice.  Doc. No. 10.  On October 26, 2012, the District Court adopted the report and recommendation to the extent it recommended the motion

to proceed in forma pauperis be denied, but permitted Plaintiff to file an amended complaint and renew her motion to proceed in forma pauperis.  Doc. No. 10.

On October 30, 2012, Plaintiff filed an Amended Complaint and moved to proceed in forma pauperis (hereafter "Motion").  Doc. Nos. 11-12.  In the Amended Complaint, Plaintiff alleges that she and Defendant are Florida residents.  Doc. No. 11 at 1 ¶¶ 1-2.  Plaintiff alleges that she married Defendant on June 23, 2006, in Titusville, Florida.  Doc. No. 11 at 1 ¶ 5.  Plaintiff alleges that she was a resident and citizen of the Russian Federation when Defendant expressed his desire to marry her and have her live with him in the United States.  Doc. No. 11 at 1-2 ¶¶ 6-7.  Plaintiff alleges that to enter the United States, "Defendant was required to enter into a contract with the U.S. Department of Justice Immigration and Naturalization Service whereby Defendant would provide support and maintain the sponsored alien at an annual income that is not less than 125 percent of the federal poverty line."  Doc. No. 11 at 2 ¶ 8.  Plaintiff alleges that Defendant executed an affidavit of support (Form I-864) on October 14, 2006, and the affidavit of support "provided that in the event the Defendant failed to support the Plaintiff, the Plaintiff could sue under the agreement for support."  Doc. No. 11 at 2 ¶¶ 9-10.[1]

Plaintiff alleges that the state court in Brevard County dissolved the marriage by final judgment on August 31, 2011.  Doc. No. 11 at 2 ¶ 11.  Plaintiff alleges that she has neither been naturalized nor credited or earned 40 qualifying quarters of employment.  Doc. No. 1 at 2 ¶ 12.  Plaintiff alleges that her income is less than 125 percent of the federal poverty line, Defendant is not dead and has not abandoned lawful permanent resident status by departing the United States.  Doc. No. 11 at 2 ¶¶ 13-14.  Plaintiff alleges that Defendant did not disavow the affidavit of support prior to Plaintiff being issued an immigrant visa or a decision on Plaintiff's application for adjustment of status.  Doc. No. 11 at 3 ¶ 15.  Plaintiff alleges that Defendant is obligated to

---

[1] The affidavit of support is attached to the Amended Complaint.  Doc. No. 11-1.

provide, and she is in need of, support under the terms of the affidavit of support. Doc. No. 11 at 3 ¶¶ 16-17. Based on the aforementioned allegations, Plaintiff seeks to enforce the terms of the affidavit of support and seeks "[s]upport at a level of no less than 125% of the federal poverty lines retroactive to a date certain as well as ongoing" and an award of attorney's fees and costs. Doc. No. 1 at 1 ¶ 4; at 3.

## II. LAW

### A. The Statute and Local Rules

When a party files a civil action and moves to proceed *in forma pauperis*, 28 U.S.C. § 1915 directs the district court to review and dismiss a complaint when it determines the action is frivolous, malicious or fails to state a claim upon which relief can be granted.[2]  This statutory language is mandatory and applies to all proceedings *in forma pauperis*. *See Boyington v. Geo Group, Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 (M.D. Fla. Sept. 25, 2009) (recognizing that review under 28 U.S.C. § 1915 applies to non-prisoner complaints).[3]

Local Rule 4.07(a) also governs proceedings *in forma pauperis* and provides that the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.  The district court assigns to United States Magistrate Judges the supervision and

---

[2]  28 U.S.C. § 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[3]  Similarly, a party may not take an appeal *in forma pauperis* if the district court certifies, in writing, that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).

determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to an involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district court. *Id.* The district court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[4] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Subject Matter Jurisdiction

District Courts are courts of limited jurisdiction and may only hear those cases within the judicial power defined by Article III of the Constitution and "entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Congress may "'give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution.'" *Id.*

---

[4] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

(quoting *Marathon Oil Co. v. Ruhrgas,* 145 F.3d 211, 215 (5th Cir.1998)). Federal courts "'should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction.'" *Id.* Federal district courts should inquire whether it has subject matter jurisdiction "at the earliest possible stage in the proceedings. *Id.* A federal court must *sua sponte* inquire into its subject matter jurisdiction whenever it may be lacking. *Id.* at 410.

### III. ANALYSIS

Recently, Magistrate Judge David Baker addressed the court's jurisdiction to hear a suit seeking to enforce the contract created by Form I-864. In *Winters v. Winters*, No. 6:12-cv-536-ORL-37DAB, ECF No. 8 (M.D. Fla. Apr. 25, 2012), Judge Baker acknowledged that 8 U.S.C. § 1183a(e)(1) permits a sponsored alien to file suit in an "appropriate court" to enforce an affidavit of support, but "does not provide that an action by a sponsored alien may be brought 'in the United States District Courts . . . .'" *Id.* Judge Baker determined that 8 U.S.C. § 1183a(e)(I) does not explicitly grant jurisdiction in the federal courts. *Id.* Judge Baker found further support for this position in Form I-864, which states that the person sponsoring the immigrant agrees to submit to the personal jurisdiction of any court in the United States, its territory or possessions, or any state court. *Id.* Judge Baker concluded the court lacked subject matter jurisdiction because plaintiff did not provide any allegations that established the district court was the appropriate court to prosecute her claim and plaintiff's "breach of contract claim is a creature of state law, even if the contract itself was anticipated by federal statute." *Id.* Judge Baker also noted that principles of abstention would require the court to refrain from hearing the suit because it would require re-examining "other findings and allocations made as part of the divorce." *Id.* The district court adopted Judge Baker's report and recommendation and

dismissed the complaint with prejudice.  *Winters v. Winters*, No. 6:12-cv-536-ORL-37DAB, 2012 WL 1946074 (M.D. Fla. May 30, 2012).

In the Amended Complaint, Plaintiff alleges that 8 U.S.C. § 1183a(e)(1) confers jurisdiction on this Court.  Doc. No. 11 at 1 ¶ 4.  As Judge Baker noted, 8 U.S.C. § 1183a(e)(1) merely provides that the sponsored alien may bring suit to enforce an affidavit of support in an "appropriate court."  In the Form I-864 attached to the Amended Complaint, Defendant agreed to "submit to the personal jurisdiction of any Federal or State court that has subject matter jurisdiction of a lawsuit against me to enforce my obligations under this Form I-864[.]"  Doc. No. 11-1 at 7.

For a federal court to have "exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction."  *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 823 (1990).  In *Donnelly*, the Supreme Court found that Title VII's enforcement provisions which provided that "'[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter,'" did not confer exclusive jurisdiction on federal courts.  *Id.*  Reading 8 U.S.C. § 1183(e)(1) and Form I-864 together, it is clear that federal courts are not vested with exclusive jurisdiction over claims to enforce Form I-864.  Thus, to establish that jurisdiction is properly vested in this Court, Plaintiff must allege the parties are completely diverse and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.

Plaintiff has alleged that she and Defendant are residents of Florida.  Doc. No. 11 at 1 ¶¶ 1-2.  Plaintiff has not alleged any other basis that establishes jurisdiction in this Court.

Accordingly, it is **RECOMMENDED** that the Motion be **DENIED** and Plaintiff's Complaint be **DISMISSED with Prejudice** for lack of subject matter jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on December 10, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy